## Application of REO MOTOR CAR CO.

(Court of Appeals of District of Columbia. Submitted November 8, 1926. Decided December 6, 1926.)

### No. 1865.

1. **Evidence** ⬅16—**It is common knowledge that word "speed," used in relation to any vehicle, means rapidity of motion.**

It is well within common knowledge that usual and ordinary signification of the word "speed," when used in relation to any vehicle, is rapidity of motion.

[Ed. Note.—For other definitions, see Words and ·Phrases, Second Series, Speed.]

2. **Trade-marks and trade-names and unfair competition** ⬅3(4)—**"Speed wagon" held descriptive, and not registerable as trade-mark for motor trucks (Comp. St. § 9485 et seq.).**

Trade-mark "Speed Wagon," for use on motor vehicles, *held* descriptive, and not subject to registration, under Act Feb. 20, 1905 (Comp. St. § 9485 et seq.).

Appeal from the Commissioner of Patents.

In the matter of the Application of the Reo Motor Car Company for registration of trade-mark. From a decision of the Commissioner of Patents, denying its application, applicant appeals. Affirmed.

E. J. Stoddard, of Detroit, Mich., and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Custom Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, denying appellant's application for registration of a trade-mark under the Act of February 20, 1905 (Comp. St. § 9485 et seq.).

The appellant manufactures and deals in light motor trucks, and applies for registration of the words "Speed Wagon" under the Act of ·February 20, 1905, as a trade-mark for use for such trucks.

It appears that in the year 1919 the appellant filed a similar application in the Patent Office, seeking registration under the Act of February 20, 1905, of the same trade-mark, to wit, "Speed Wagon," for use upon such trucks. This application was denied by the Commissioner of Patents upon the ground that the mark was descriptive, and therefore was not registrable under the act. No appeal was taken from that decision. Subsequently thereto the Act of March 19, 1920 (41 Stat. 533), was passed, and appellant registered the mark under that act.

·Afterwards, to wit, on September 5, 1924, appellant again filed an application for the registration of the same trade-mark, to wit, "Speed Wagon," under the Act of February 20, 1905; this application being virtually a repetition of the former one, already denied. In the present application it is stated that the word "Speed," as part of the mark, has the suggestion of progress, good fortune, and success, or something tending to promote the same, while the word "Wagon" denotes a vehicle designed for carrying goods and commercial purposes, and that this is the primary meaning of the words, "as contradistinguished from rapidity of of motion." It is also stated that "the term was adopted to typify the idea of modifying the rate of motion, and ease of handling and properly adjusting each of said characteristics to the others, to meet the requirements of commerce, as well as securing other desirable. characteristics going to make up the type of vehicle conceived."

The application was denied by concurring decisions in the Patent Office, whereupon this appeal was taken.

[1, 2] We agree with the decision. It is well within common knowledge that the usual and ordinary signification of the word "speed," when used in relation to any vehicle, is rapidity of motion. It is true that the form of the word in this instance is that of a noun, but its use in combination with the word "wagon" is virtually that of an adjective. The composite term "Speed Wagon" is aptly descriptive of a quick-moving truck for carrying freight or merchandise, and the applicant cannot secure an exclusive right to the use of such descriptive words as applicable to automobile trucks, and thereby prevent a like use of them by the general public. In our opinion, therefore,

the earlier decision of the Commissioner of Patents denying registration to the same mark under the Act of February 20, 1905, was correct, as is also the present like decision. See Reo Motor Car Co. v. Traffic Motor Truck Co., 55 App. D. C. 227, 4 F.(2d) 303.

Various questions of laches, estoppel, and res judicata are suggested by the record, but it seems needless to discuss them, in view of our present conclusion.

The decision of the Commissioner of Patents is accordingly affirmed.